UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MELISSA WATSON, individually and purportedly on behalf of others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 5: 22-203-DCR<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Progressive Direct Insurance Company ("Progressive") has filed a motion to stay this proceeding pending a ruling from the United States Sixth Circuit Court of Appeals in *In re State Farm Mut. Auto. Ins. Co.*, No. 23-0508 (6th Cir. April 30, 2024). It contends that a stay is warranted because the Sixth Circuit's decision in that matter could affect resolution of this case. For the reasons that follows, the undersigned concludes that a stay is proper.

### I.   Background

Plaintiff Melissa Watson filed this purported class action on August 4, 2022, seeking to challenge Progressive's method for determining the actual cash value ("ACV") of a total loss vehicle. [Record No. 1] Watson argues that Progressive calculates and applies its adjustment in a way that "thumbs the scale" against the insured. [Record No. 33] Watson subsequently filed a motion for class certification on February 2, 2024. [Record No. 76] Shortly after the Sixth Circuit granted interlocutory review of class certification pursuant to

Rule 23(f) of the Federal Rules of Civil Procedure in *In re State Farm Mut. Auto. Ins. Co.*, No. 23-0508 (6th Cir. April 30, 2024) ("*Clippinger*"), Progressive filed the instant motion to stay this action, contending the circuit court's decision could be dispositive. *See Clippinger v. State Farm Mut. Auto. Ins. Co.*, 2023 WL 7213796, at *1-3 (W.D. Tenn. Aug. 25, 2023).

A brief history of *Clippinger* is useful. There, the plaintiff filed a putative class action alleging that State Farm Mutual Auto Insurance Company ("State Farm") breached its insurance contracts and violated Tennessee law by relying on valuation reports prepared by Audatex North America, Inc. ("Audatex"). *Clippinger*, 2023 WL 7213796, at *1-3. The plaintiff claimed that State Farm paid Tennessee insureds less than actual cash value because of Audatex's "typical negotiation adjustment." *Id*. The same attorneys representing Watson in this matter also represented the plaintiff in *Clippinger*. Additionally, two expert witnesses, Kirk Felix and Jason Merritt, are utilized in the two cases.

The court for the Western District of Tennessee granted the plaintiff's motion for class certification in *Clippinger* on August 25, 2023. *Clippinger*, 2023 WL 7213796, at *1-3. That court rejected State Farm's challenges to the "typicality" and "predominance" elements, finding that plaintiff's theory of legal injury—breach of contract—would establish standing regardless of whether any class member suffered actual financial harm. *Id*. It further rejected State Farm's argument that the need for individualized actual cash value ("ACV") determinations could result in widespread litigation and denied State Farm's motion to exclude the expert reports and testimony of Kirk Felix and Jason Merritt. *Id*.

Watson relies extensively on the *Clippinger* decision for class certification, arguing that the facts are indistinguishable. [Record No. 76] ("[I]n *Clippinger*, the court granted class certification on nearly identical facts."). Watson also asserts that the instant case shares similar

"legal conclusions." *Id.* ("And, while *Clippinger* involved a different valuation company (Audatex) that gave the [Project Sold Adjustment] a different name ('typical negotiation adjustment'), the essential facts and legal conclusions supporting class certification are identical to those supporting certification of the [Project Sold Adjustment] cases.").

State Farm has raised appraisal-related defenses on appeal that are not at issue in this matter. However, those defenses are not the sole basis for State Farm's Rule 23(f) interlocutory appeal. State Farm's petition to the Sixth Circuit also has presented the following issues: (1) whether plaintiffs alleging common law breach of contract claims must prove an injury in fact under the Supreme Court's *TransUnion* decision, as opposed to a legal injury; and (2) whether district courts in the Sixth Circuit must specifically address the manageability of a proposed class trial before certification because of *TransUnion*. [Record No. 110]

## II.  Standard

The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The decision to stay a proceeding "ordinarily rests within the sound discretion of the District Court." *Ohio Envtl. Council v. United States Dist. Ct., Southern Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). Because, however, every party has right to a determination of its rights and liabilities in a timely manner, "the burden is on the party seeking the stay to show . . . [a] pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.*

Generally, a court considering a motion to stay should consider the following factors: (1) the potential for another case having a dispositive effect on the matter to be stayed, (2)

judicial economy to be saved by waiting on a dispositive decision, (3) public welfare, and (4) prejudice to the party opposing the stay based on duration. *Higgins v. BAC Home Loans Servicing, LP*, 2012 WL 5332476, at *2 (E.D. Ky. Oct. 29, 2012).

### III.   Analysis

The factors outlined above weigh in favor of a stay. There is significant potential for *In re State Farm Mut. Auto. Ins. Co.* to have a dispositive effect on this case. While *Clippinger* and the present case are not identical, they share similar facts and questions of law regarding class standing and manageability. And as a general matter, the appellate decision may provide guidance about how district courts within the Sixth Circuit should properly apply the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 428-430 (2021), which frames class standing against a private defendant. For example, if the Sixth Circuit sides with State Farm and confirms *TransUnion's* applicability to common law claims, district courts could be precluded from certifying breach of contract claims premised on a legal injury alone rather than an actual injury such as monetary harm. A decision in State Farm's favor may also clarify the obligation of district courts to analyze trial manageability issues before certifying a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Progressive raises many of the same arguments in its brief in opposition to Watson's motion for class certification regarding class standing and the possible unmanageability of class trials featuring individualized valuations pending review by the Sixth Circuit. Specifically, Progressive, like State Farm, argues that putative class members without a demonstrated financial injury cannot establish Article III standing under *TransUnion*. Both companies likewise argue that individual evidence regarding the value of each purported class member's vehicle could overwhelm legal proceedings. As such, resolution of *Clippinger*

could have a significant, and potentially direct, impact on the pending motion for class certification.

Notably, Watson has represented that "the essential facts and legal conclusions supporting class certification [in *Clippinger*] are identical to those supporting certification of the [Project Sold Adjustment] cases" like the instant matter involving Progressive. [Record No. 76] Only now does Watson argue that the issues on appeal lack material applicability to her motion. In any event, she attempts to buttress her position by arguing that *Clippinger* was correctly decided, seemingly maintaining that the risk of the Sixth Circuit reversing or vacating the district court's decision is minimal. But one of the factors the appellate court weighed was "whether the petitioner is likely to succeed on appeal under the deferential abuse-of-discretion standard." *See In re State Farm Auto Ins. Co.*, No. 23-0508, at 3. With that factor in mind, the Sixth Circuit ultimately determined review was warranted.

Finally, both the public interest and the balance of hardships favor a stay. The public interest is served by conserving judicial time and resources in the face of potentially duplicative proceedings. *See Choon's Design Inc. v. Tristar Prod., Inc.*, 2018 WL 11351661, at *3 (E.D. Mich. July 13, 2018) ("Controlling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole."). And in terms of hardships, Progressive argues that Watson will suffer minimal harm from a temporary stay because she can litigate this matter fully once the *In re State Farm Auto Ins. Co.* appeal has been decided.

Watson claims she will indeed be prejudiced by a delay because her lawsuit has been pending since August 2022. But "delay alone is generally not sufficient to prevent a stay, as it is inherent in any stay." *See, e.g., Sec'y of U.S. Dep't of Lab. v. Kavalec*, 2019 WL 5684462,

at *3 (N.D. Ohio Nov. 1, 2019); *Automated Packaging Sys., Inc. v. Free-Flow Packaging Int'l, Inc.*, 2016 WL 9782345, at *4 (N.D. Ohio Apr. 15, 2016). Further, the risk of incongruent rulings outweighs the need for judicial speed because the Sixth Circuit in *Clippinger* likely will address how the Supreme Court's holding in *TransUnion* applies to common law claims like those raised by Watson.

Proceeding with this case while potentially relevant issues are pending appellate review would only require additional resources by the parties at a later time if the *Clippinger* decision provides guidance contrary regarding any issue this Court might decide in the intervening period. And it would undoubtedly be a costly waste of resources—both between the parties and by the Court—if the class is certified but subsequently decertified.

Other courts have reached similar conclusions in staying matters pending the outcome of related appeals. As Progressive highlights, it has filed successful motions to stay proceedings in the Northern District of Illinois and Eastern District of Wisconsin while the Seventh Circuit Court of Appeals in *Progressive Paloverde Ins. Co., et al. v. Schroeder, et al.*, No. 24-1559 (7th Cir. 2024), determines relevant issues that could impact class certification. *See, e.g., Holmes v. Progressive Universal Ins. Co.*, 2022 WL 17718878 (N.D. Ill. May 29, 2024)*; Jones v. Progressive Universal Ins. Co.*, 2024 WL 2874021, at *1 (E.D. Wis. June 7, 2024) ("The *Schroeder* case involves the same plaintiffs' attorneys, the same claims and legal theories and the same expert witnesses as involved in the instant case."). Similarly, the District of New Jersey recently stayed proceedings in a similar matter pending the Third Circuit's resolution of *Drummond v. Progressive Specialty Ins. Co.*, No. 24-1267 (3rd Cir. 2024). *See Petri v. Drive New Jersey Ins. Co.*, No. 21-20510, ECF 112 (D. N.J. May 9, 2024). And the Ninth Circuit has granted a Rule 23(f) petition in a similar matter as well. *See Ambrosio, et*

*al. v. Progressive Preferred Ins. Co.*, et al., No. 24-1633, ECF No. 29.1 (9th Cir. Apr. 26, 2024); *Ambrosio v. Progressive Preferred Ins. Co.*, 2024 WL 915184 (D. Ariz. March 4, 2024).

### IV.     Conclusion

Following reviewing the applicable factors and considering related decisions by other courts, a stay is warranted in this case as potentially relevant issues regarding class certification are reviewed by the Sixth Circuit. Accordingly, it is hereby

**ORDERED** that the motion to stay [Record No. 110] is **GRANTED**. Subject to intervening orders, this action is **STAYED** pending resolution of *In re State Farm Mut. Auto. Ins. Co.*, No. 23-0508 (6th Cir. April 30, 2024).

Dated: June 20, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky